**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**MOUNTAINEER PROPERTY COMPANY, LLC,**

    Third-Party Plaintiff,

v.                                                                        Civil Action No. 1:15-CV-104
                                                                               (BAILEY)

**ASSURANCE COMPANY OF AMERICA,**
a foreign corporation,
**FARMERS INSURANCE EXCHANGE,**
a foreign corporation, and
**BANKERS INSURANCE, LLC,**
a foreign limited liability company,

    Third-Party Defendants.

## ORDER AND OPINION RESOLVING MOTIONS FOR SUMMARY JUDGMENT

Currently pending before this Court are four separate motions for summary judgment filed by the third-party parties to this action. First, Third-Party Defendant Bankers Insurance, LLC ("Bankers") filed its Motion for Summary Judgment [Doc. 55] on June 30, 2016. Third-Party Plaintiff Mountaineer Property Co., LLC ("MPC") filed a Response to that motion [Doc. 63] on July 22, 2016. Bankers did not file a Reply. Next, MPC filed a Motion for Summary Judgment against Farmers Insurance Exchange ("Farmers") and Assurance Company of America ("Assurance") (hereinafter referred to jointly as "Farmers and Assurance") [Doc. 57] on July 1, 2016. Farmers and Assurance filed a Response in Opposition [Doc. 64] on July 22, 2016, while MPC filed their Reply [Doc. 67] on August 5, 2016. MPC then filed a Motion for Summary Judgment against Bankers [Doc. 58] on July 1, 2016. Bankers filed its Response in Opposition [Doc. 61] to the same on July 22, 2016.

MPC then filed its Reply [Doc. 66] on August 5, 2016. Finally, Farmers and Assurance filed a Motion for Partial Summary Judgment Regarding Punitive Damages [Doc. 59] on July 1, 2016. MPC filed a Response in Opposition [Doc. 62] to that Motion on July 22, 2016. Farmers and Assurance filed a Reply in Support of their Motion for Summary Judgment [Doc. 65] on August 5, 2016. For the reasons set forth below, this Court grants in part and denies in part MPC's Motion for Summary Judgment as to defendants Farmers and Assurance [Doc. 57], and denies Farmers and Assurance's Motion for Summary Judgment Regarding Punitive Damages [Doc. 59]. Further, MPC's Motion for Summary Judgment against Bankers [Doc. 58] and Bankers' Motion for Summary Judgment [Doc. 55] are denied as moot.[1]

## I. **BACKGROUND**

**A. Factual and Procedural History**:

This removal action arises from an insurance coverage dispute between MPC and Assurance, Farmers, and Bankers, which is, in turn, related to an underlying tort claim [Doc. 1-1; Doc. 1-2]. Before discussing those claims, it is essential to understand the nature of the companies involved herein. MPC is a West Virginia limited liability company which, together with Mountaineer Property Co. II, LLC ("MPC II"), jointly owns the University Town Centre ("the UTC"), a retail shopping development near Morgantown, West Virginia [Doc. 58 at 1]. MPC became a customer of Bankers when it was formed in the early 2000s; Bankers sold a number of insurance policies to the MPC and MPC II with

---

[1] This Court notes that, per an August 25, 2016 phone call to this Court's chambers, counsel for Bankers conveyed that MPC and Bankers have reached a settlement as to their claims against one another.

2

respect to the UTC, including premises liability coverage and commercial general liability coverage [Doc. 58-1 at 2-3]. MPC further represents that it, "purchased and maintained the insurance coverages recommended by [Bankers] so that they would have full commercial insurance coverage for the UTC and all activities carried on at the UTC by MPC and MPC II" [Id. at 2]. In accordance with these policy goals, MPC II purchased Precision Portfolio Policy No. PPS05043718 ("the Policy") from Assurance, for a premium of $59,139, which was to last from the period of January 1, 2012, to January 1, 2013 [Doc. 1-10 at 5-6]. However, when MPC II purchased the Policy, Bankers mistakenly identified "Mountaineer Property, LLC" as the Additional Insured instead of "Mountaineer Property Co., LLC" [Doc. 58-1 at 6]. That mistake is at the center of this coverage dispute.

On December 27, 2012, Devon J. Zaroda, a patron of a Giant Eagle located at the UTC in Morgantown, WV, was injured when by a slip and fall in the store's parking lot [Doc. 1-2]. The parties agree that on January 29, 2013, MPC II "timely and properly" reported the potential Zaroda claim to Bankers who, in turn, reported the claim to Farmers and Assurance [Doc. 57 at 2; Doc. 60 at 2]. Shortly thereafter, Assurance "assigned its claims handling functions to third party administrator [Farmers, which] adjusted the Zaroda claim both before and after" the Zaroda lawsuit was filed [Doc. 57 at 2]. Indeed, on December 12, 2014, Zaroda filed a tort claim against, amongst others, Giant Eagle, Inc., MPC, and Mountaineer Property Co. II, LLC in the Circuit Court of Monongalia County [Id.].

On January 15, 2015, Farmers claims representative, Tim R. Puhala, notified Giant Eagle and MPC II that it accepted those parties' request for tender and indemnification on the Zarodas' claim, and would provide a defense to those two parties in that action [Doc. 59-5]. However, after an investigation into MPC's claim for a defense or indemnity in the

3

Zaroda case, Farmers denied that claim in total because, as mentioned above, Bankers mistakenly identified "Mountaineer Property, LLC" as the Additional Insured instead of "Mountaineer Property, Co., LLC," and "Mountaineer Property, LLC," is a non-existing entity that Farmers felt was not entitled to coverage under the terms of the Policy [Id.].

On February 24, 2015, MPC then appeared by its own counsel in the Zaroda case, and filed its Answer and the instant Third-Party Complaint [Doc. 1-10]. In the Third-Party Complaint, MPC seeks a declaration that it was an insured of Assurance, is entitled to a defense and indemnification for the Zaroda claim, and that Farmers and/or Assurance breached their duties to MPC due under the Policy [Doc. 1-10 at 8-9]. MPC also alleges claims for breach of contract, common law bad faith, and violations of the Unfair Claims Settlement Practices Act, W. Va. Code § 33-11-4(9) for Farmers and Assurance's initial refusal to provide coverage and a defense [Id. at 9-11]. Finally, MPC alleges that it is entitled to punitive damages given the nature of Farmers and Assurance's actions [Id. at 11].

Farmers and Assurance, for their part, admit that Mr. Puhala, "learned of the mistake made by Bankers . . ." and "Mr. Puhala's supervisor . . . asked [him] to refer the claim . . . to the underwriting department, which had the authority to reform the Policy . . . and make a decision on the case as to whether or not to afford MPC coverage" [Doc. 59-4 at 4-5]. On March 19, 2015, Farmers and Assurance sent a letter to MPC's counsel and advised that the policy was reformed or "effectively reformed" to include MPC as an insured, that they would agree to provide a defense to MPC, without a reservation of rights, as well as to pay all of MPC's legal fees and expenses for defending itself during the days when coverage was denied [Doc. 59-6 at 5; Doc. 59-2 at 30-32]. The Zaroda claim was

4

eventually settled on June 4, 2015 [Doc. 59-5 at 68-72]. MPC claims that, ". . . Farmers then settled the Zaroda [c]ase by making a payment on behalf of . . . MPC and MPC II without providing any notice to either of any settlement negotiations" [Doc. 57 at 3].

This case was removed to this Court on June 15, 2015, based upon diversity jurisdiction [Doc. 1]. These motions for summary judgment followed.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." **Temkin v. Frederick County Comm'rs**, 945 F.2d 716, 718 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992) (citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in **Anderson**, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder

5

of fact because they may reasonably be resolved in favor of either party." *Id.* at 250; *see also* **Charbonnages de France v. Smith**, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing **Stevens v. Howard D. Johnson Co.**, 181 F.2d 390, 394 (4th Cir. 1950)). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See* **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

### III. DISCUSSION:

**A. MPC is Entitled to Summary Judgment as to Count II Breach of Contract and its Intertwined Claim, Count III Breach of Implied Covenant of Good Faith and Fair Dealing:**

In its Motion for Summary Judgment, MPC first contends that it has established that Farmers and Assurance breached their insurance contract with MPC when they declined to initially provide a defense on the basis that MPC was not an insured under the Policy [Doc. 57 at 14]. As part and parcel of its argument, MPC noted in the "Undisputed Facts"

6

section of its brief that, "Farmers admitted that a defense could have been provided, subject to a reservation of rights, until the investigation was complete" [Doc. 57 at 9, citing Doc. 57-1 at 14-15]. Further, MPC notes that Farmers and Assurance eventually provided a defense and indemnity under a new insurance contract that has never been provided to MPC [Id. at 15]. Finally, MPC contends that Farmers and Assurance breached their common law duty of good faith and fair dealing in, "failing to do a reasonable investigation, denying the claim outright before the investigation was complete, not communicating the true status of the investigation to MPC, and misrepresenting the reformation of the contract" [Id. at 16].

In their Response, Farmers and Assurance argue that MPC was not a party to the Policy, and therefore could not argue or otherwise assert a breach of contract claim [Doc. 64 at 8]. Next, Farmers and Assurance contend that they met their obligations under the Policy because they both provided MPC a defense when they "learned of the broker error regarding the identity of the additional insured," and have, "already reimbursed MPC for the attorney's fees and the expenses it incurred" during the time when they denied MPC coverage [Id. at 9]. Farmers and Assurance argue that MPC's argument as to the breach of contract claim, "constitutes a claim under the Unfair Trade Practices Act, not a claim for breach of contract" [Id.]. Finally, as to MPC's claims of breach of the duty of good faith and fair dealing, Farmers and Assurance contend that, "[MPC] makes only conclusory allegations" that they breached that duty, and those issues are for the jury to decide [Id. at 10].

This Court begins by noting that, as the Honorable Frederick P. Stamp, Jr., recognized in *Spoor v. PHH Mortg. Corp.*, 2011 WL 883666, at *4 (N.D. W.Va. March 11,

2011) (internal citations omitted), "[i]n West Virginia, a covenant of good faith and fair dealing is implied in every contract for the purpose of evaluating a party's performance of that contract. West Virginia law does not recognize an independent cause of action for a breach of duty of good faith and fair dealing separate and apart from a breach of contract claim." *See also* **Highmark West Virginia Inc. v. Jamie**, 221 W. Va. 487, 492, 655 S.E.2d 509, 514 (2007).[2] Accordingly, this Court will construe MPC's Count II Breach of Contract, and Count III Breach of Implied Covenant of Good Faith and Fair Dealing, as a single breach of contract claim.

Under West Virginia law, "an insurance policy is a contract between the insurer and the insured named in the policy." **Farmers & Mechanics Mut. Ins. Co. v. Allen**, 236 W. Va. 269, 273, 778 S.E.2d 718, 723 (2015); citing **Mazon v. Camden Fire Ins. Ass'n**, 182 W. Va. 532, 533, 389 S.E.2d 743, 745 (1990) (holding that, "[i]t is well-established that a contract of insurance is a personal contract between the insurer and the insured named in the policy."). ". . . [T]he common law duty of good faith and fair dealing in insurance cases under [West Virginia] law runs between insurers and insureds and is based on the

---

[2] This Court notes that MPC cites **Hayseeds v. State Farm Fire & Cas.**, 177 W. Va. 323, 352 S.E.2d 73 (1986), for the proposition that, "[i]n every contract, including policies of insurance, there is an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. This covenant encompasses an obligation on behalf of the insurer to accept reasonable offers of settlement in a prompt fashion." This quote is not derived from **Hayseeds**, but instead comes directly from **Buckhannon-Upshur County Airport Auth. v. R&R Coal Contractor**, 186 W. Va. 583, 590, 413 S.E.2d 404, 411 (1991), which, in turn quoted the Alaska Supreme Court in **Guin v. Ha**, 591 P.2d 1281, 1282 (Alaska 1979). This citation, attributed incorrectly, does not alter the holding of the West Virginia cases cited herein, which hold that this state does not recognize an independent cause of action for a breach of duty of good faith and fair dealing separate and apart from a breach of contract claim.

existence of a contractual relationship." ***Goff v. Penn Mut. Life Ins. Co.***, 229 W. Va. 568, 570, 729 S.E. 890, 893 (2012), *citing* ***Elmore v. State Farm Mut. Auto. Ins. Co.***, 202 W. Va. 430, 434, 504 S.E.2d 893, 897 (1998). As part of this relationship, "[a]n insurance carrier has a duty, once a first-party policyholder has submitted proof of a loss, to promptly conduct a reasonable investigation of the policyholder's loss based upon all available information. On the basis of that investigation, if liability to the policyholder has become reasonably clear, the insurance carrier must make a prompt, fair and equitable settlement offer." Syl. Pt. 3, ***Miller v. Fluharty***, 201 W. Va. 685, 688, 500 S.E.2d 310, 313 (1997). There is a clear policy objective underlying these simple rules: ". . . a policyholder buys an insurance contract for peace of mind and security, not financial gain, and certainly not to be embroiled in litigation. The goal is for all policyholders to get the benefit of their contractual bargain: they should get their policy proceeds promptly without having to pay litigation fees to vindicate their rights." *Id.* at 694, 319.

This Court finds that there is no genuine issue of material fact that Farmers and Assurance breached their contractual duties to MPC. First, it is clear that MPC was a party to the contract as an additional insured. While the named insured on the Policy was MPC II, in July 2012, Bankers requested that "Mountaineer Property, LLC," the incorrect version of MPC, be included as an additional insured [Doc. 57-2 at 27]. Deposition testimony indicates that adding an Additional Insured to the Policy has value to the insured, increases potential liability to the insurer, and requires that a portion of the premium be attributed to the Additional Insured [Id. at 6]. MPC II, and the intended additional insured, MPC, bought the Policy for a premium of $59,139 [Doc. 1-10 at 5-6]. As noted above, Farmers admits

9

that during its investigation into the claim, Mr. Puhala, "learned of the mistake made by Bankers . . ." and "Mr. Puhala's supervisor . . . asked [him] to refer the claim . . . to the underwriting department, which had the authority to reform the Policy . . . and make a decision on the case as to whether or not to afford MPC coverage" [Doc. 59-4 at 4-5]. Indeed, R. Michael Hedden of Bankers avers that Bankers informed Farmers on several occasions that the omission of "Co." from the name of the Additional Insured was an error on its part, and urged Farmers to extend coverage to MPC [Doc. 57-3 at 2]. Accordingly, it is clear that MPC was a party to the Policy.

Next, while Farmers and Assurance argue that they met their obligations under the Policy because they both provided MPC a defense when they "learned of the broker error regarding the identity of the additional insured," and have, "already reimbursed MPC for the attorney's fees and the expenses it incurred" during the time when they denied MPC coverage [Id. at 9], there is no genuine issue of material fact that they breached their contract with MPC. In so finding, this Court is mindful of the long-held principle that, "any question concerning an insurer's duty to defend under an insurance policy must be construed liberally in favor of an insured where there is any question about an insurer's obligations." ***Aetna Cas. & Sur. Co. v. Pitrolo***, 176 W. Va. 190, 194, 342 S.E.2d 156, 160 (1986). Here, Farmers and Assurance clearly breached the contract with MPC in refusing to initially provide coverage and defend it in the Zaroda matter.

Again, Bankers informed Farmers on several occasions that the omission of "Co." from the name of the Additional Insured was an error on its part, and urged Farmers to extend coverage to MPC despite the mistake [Doc. 57-3 at 2]. Mr. Puhala himself recommended that Farmers should not deny the claim [Doc. 57-2 at 3]. When it denied the

claim, Farmers and Assurance did not know what entity MPC was, and, despite the notifications from Bankers, whether or not there was a mistake in the Policy [Doc. 57-1 at 14; Doc. 57-2 at 2]. Finally, Farmers and Assurance did not provide a defense to MPC until after the Third-Party Complaint was filed by MPC, despite their knowledge of the error on the Policy before the claim was denied. This violates the principle announced in *Miller* that an insured should not have to pay legal fees in order to vindicate its rights under a policy. *See* 201 W. Va. at 688, 500 S.E.2d at 313. Accordingly, and for the reasons stated more fully above, there is no genuine issue of material fact that Farmers and Assurance breached their contractual duties to MPC. As such, MPC's Motion for Summary Judgment as to Count II Breach of Contract and its intertwined Count III Breach of the Implied Covenant of Good Faith and Fair Dealing is **GRANTED**.

**B. There Are Genuine Issues of Material Fact as to MPC's Claims for Unfair Claims Settlement Practices Act Violations, and MPC's Motion for Summary Judgment on That Issue Must be Denied:**

Next, MPC argues that it is entitled to summary judgment as to its claims that Farmers/ Assurance violated the West Virginia Unfair Trade Practices Act ("UTPA"), W.Va. Code § 33-11-4(9) ("§ 33-11-4(9)"). In support, MPC contends that it "has proven a 'general business practice' on the part of [Farmers and Assurance in violation of § 33-11-4(9)] because [Farmers and Assurance] failed to conduct a reasonable investigation prior to denying the claim, had no standards at all for providing a defense under a reservation of rights, actively misrepresented the status of the investigation into [MPC's] claim, forced [MPC] to sue them to get coverage and a defense, and failed to disclose that the claim had been sent back to underwriting or that the Policy was reformed, potentially implicating

W.Va. Code § 33-11-4(9)(i)" [Doc. 57 at 17-18]. Farmers and Assurance respond by noting that MPC's claims as to whether their conduct under the UTPA is reasonable is a question of fact for the jury [Doc. 64 at 12-13, *citing* **Jackson v. State Farm Mut. Auto. Ins. Co.**, 215 W. Va. 634, 641, 600 S.E.2d 346, 353 (2004)]. This Court agrees with Farmers and Assurance that their conduct must be analyzed by the jury.

MPC claims violations of W.Va. Code § 33-11-4(9)(a), (c), (g), (i), (n), and "potentially " (i). W.Va. Code § 33-11-4(9) states in relevant part:

> (9) Unfair claim settlement practices. – No person shall commit or perform with such frequency as to indicate a general business practice any of the following:
>
> (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
>
> (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
>
> (g) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;
>
> (i) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured; and
>
> (n) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement[.]

This Court's analysis is guided by the Supreme Court of Appeals of West Virginia's numerous holdings, discussed briefly above, which stand for the ideal that claims under the UTPA involve determinations of the reasonableness of the insurer's conduct, which, in turn, are questions of fact for the jury and should not be determined as a matter of law by a trial court. *See* **Hicks ex rel. Saus v. Jones**, 217 W. Va. 107, 115, 617 S.E.2d 457, 465 (citing

Syl. Pt. 3, *Jackson*, 215 W. Va. at 637, 600 S.E.2d at 349). Based upon *Hicks* and *Jackson*, this Court cannot possibly grant MPC's Motion for Summary Judgment as to its UTPA claims. Accordingly, the jury must decide whether Farmers and Assurance's conduct was reasonable as to each of these points.

For example, looking at the parties' differing positions and factual claims as to § 33-11-4(9)(a), it is clear that issues of fact must be determined by the jury. Farmer and Assurance contend that they have not misrepresented the Policy provisions as to coverage [Doc. 64 at 14]. They maintain that MPC was not an additional insured under the Policy, and subsequently chose to "effectively" reform the Policy by treating MPC as an additional insured [Id.]. MPC, for its part, contends that Farmers and Assurance have made "an apparent subterfuge regarding the claimed 'reformation' of the policy" [Doc. 57 at 18]. It argues that while Farmers/ Assurance allege that they reformed the same, they have not provided MPC with a copy of the new Policy, declarations page, or any information regarding the insurance contract [Doc. 67 at 8]. There is a clear factual dispute on this issue which, the case law tells us, must be resolved by the jury. Accordingly, this Court determines that there are genuine issues of material fact as to MPC's UTPA claims. Its Motion for Summary Judgment on that point is **DENIED**.

**C. Both Parties' Motions for Summary Judgment as to Punitive Damages Must Be Denied, and the Plaintiff's Claims May Proceed in Due Course:**

Finally, this Court finds that both parties' motions for summary judgment on the issue of punitive damages must be denied. The West Virginia Supreme Court of Appeals explicitly set out the standard for recovering punitive damages where a insured brings a claim against an insurance carrier:

13

> [P]unitive damages shall not be awarded against the insurer [in an action brought under the UTPA] unless the policyholder can establish a high threshold of actual malice in the settlement process. By "actual malice" we mean that the insurance company actually knew that the policyholder's claim was proper, but willfully, maliciously and intentionally utilized an unfair business practice in settling, or failing to settle, the insured's claim.

Syl. Pt. 2, **McCormick v. Allstate Insurance Co.**, 202 W. Va. 535, 536, 505 S.E.2d 454, 455 (1998). "Unless the policyholder is able to introduce evidence of intentional injury, not negligence, lack of judgment, incompetence, or bureaucratic confusion – the issue of punitive damages should not be submitted to the jury." 202 W. Va. at 458, 505 S.E.2d at 539 (quoting **Hayseeds**, 177 W. Va. at 330-31, 352 S.E.2d at 80-81). At this stage in the proceedings, MPC has not, based upon the evidence submitted, met this high threshold. However, the jury may reasonably see Farmers/ Assurance's decision to deny coverage to MPC, even after being notified of Bankers' mistake, as a decision grounded in actual malice; the jury may also find that there was no actual malice in denying coverage, especially given that Farmers/ Assurance later provided a defense and indemnity to MPC on the Zaroda claim. Regardless, that matter is an issue to be determined by the jury at trial. Accordingly, both MPC's Motion for Summary Judgment as to the issue of punitive damages [Doc. 57, in part] and Farmers and Assurance's Motion for Summary Judgment Regarding Punitive Damages [Doc. 59], must be **DENIED**.

### IV. CONCLUSION

For the reasons stated above, this Court **GRANTS IN PART** and **DENIES IN PART** Mountaineer Property's Motion for Summary Judgment as to defendants Farmers and Assurance **[Doc. 57]**. Mountaineer Property is entitled to summary judgment on the breach of contract claim set forth in the Third-Party Complaint, yet is not entitled to summary

14

judgment on the bad faith claims. This Court also **DENIES** Farmers and Assurance's Motion for Summary Judgment Regarding Punitive Damages **[Doc. 59]**. Further, this Court **DENIES AS MOOT** Mountaineer Property's Motion for Summary Judgment against Bankers **[Doc. 58]** and Bankers' Motion for Summary Judgment **[Doc. 55]**, given that, as noted above, those two parties have reached a settlement as to their claims against one another. Accordingly, this matter may proceed in due course as to MPC's claims for UTPA violations and damages on that issue. Further, the jury must also determine the amount of damages that MPC is entitled to as part of its claims for breach of contract/ breach of the implied covenant of good faith and fair dealing. Finally, MPC's claims for punitive damages may also proceed to the jury.

It is so **ORDERED**.

The Clerk of Court is directed transmit copies of this Order to all counsel of record.

**DATED**: September 20, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE